UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARCOS ALBERTO ESPINOZA,<br><br>    Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 1:20-cv-00464-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

On February 24, 2021, the Court entered its Memorandum Decision and Order denying Espinoza's § 2255 Petition. Dkt. 6. It entered Judgment the same day. Dkt. 7.

Roughly 15 months later, Espinoza filed a Motion to Compel. Dkt. 8. Therein, he asks the Court for an order "directing [his former] defense counsel to turn over all records and files in this case." *Id.* Espinoza claims his former attorney has not returned his calls or correspondences and that he is "holding the files and records hostage." *Id.* The reason Espinoza needs these records is apparently in preparation for "appellate/habeas" proceedings. *Id.* Upon review, the Court will deny Espinoza's Motion; however, to the extent it is helpful, the Court will also remind Espinoza's former attorney, John Korminak, of his professional and ethical obligations to Espinoza.[1]

To begin, the Court is unsure what "appellate/habeas" proceedings Espinoza is referring to. He has already appealed his underlying conviction, filed a § 2255 Petition, and filed a motion for compassionate release.

---

[1] Notably, because Espinoza filed this Motion in his § 2255 case—where Korminak *is not* an attorney of record—Mr. Korminak was not aware of this filing.

MEMORANDUM DECISION AND ORDER - 1

Second, there is very little by way of published commentary on this type of request. It appears most courts defer to state courts and/or professional governing bodies. *See, e.g., Wells v. Lumpkin*, 2022 WL 1655124, at *1 (N.D. Tex. May 20, 2022) (determining that "disputes between a criminal defendant and his or her former counsel over the custody of case files are routinely resolved in state court after exhaustion of the State Bar of Texas' grievance system. Complaints about the custody or possession of attorney files raise purely matters of state law"); *United States v. Reichel*, 2020 WL 638898, at *1 (D. Minn. Feb. 11, 2020) (holding that "the fact that certain ethical obligations may be implicated by [Defendant's] request does not establish that this [Federal District] Court has the authority to compel his former attorneys to produce documents to [Defendant] . . .").

Idaho Rule of Professional Conduct 1.16 outlines that:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, *surrendering papers and property to which the client is entitled* and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

IRPC 1. 16(d) (emphasis added). Here, Espinoza requests "all discovery, Brady material, transcripts of proceedings, and plea agreements." Dkt. 8.

Notably, some of Espinoza's requests may not be attainable. For example, a transcript is not prepared for every proceeding. Also, it may not be wise for Espinoza to retain a copy of his plea agreement in prison depending on the contents of that document. In short, there may be valid reasons Kormanik has not turned over certain material. He may well be "protecting [Espinoza's] interest" even without Espinoza even realizing it. That

MEMORANDUM DECISION AND ORDER - 2

said, Kormanik should, at a minimum, communicate that to Espinoza and/or see what materials Espinoza believes he needs for any upcoming proceedings. *See* IRPC 1.4 regarding communications with clients.

Thus, the Court will not "order" that Kormanik turn over anything in particular because it is Kormanik, and not the Court, who is in the best position to know what information (if any) has been, or should be, turned over to Espinoza. The Court will, however, remind Kormanik of his ethical duties to Espinoza.[2] If Kormanik has not returned what he reasonably can from Espinoza's file by now, he should do so. If Espinoza contends there are other materials to which he is entitled that were not turned over, he may contact the Idaho State Bar, P.O. Box 895, Boise, ID 83701 or at 208–334–4500.

## ORDER

The Court HEREBY ORDERS:

1. Espinoza's Motion to Compel (Dkt. 8) is DENIED as outlined above. However, Kormanik is reminded of his ethical duties as explained above.

2. The Clerk of the Court shall email a copy of this order to Mr. Kormanik at jrk@khsidaholaw.com.

DATED: January 5, 2023

David C. Nye
Chief U.S. District Court Judge

---

[2] Again, the Court is not casting aspersions on Mr. Kormanik. He may have evaluated Espinoza's request and determined he had already turned over anything he could and/or that turning over other materials was not necessarily under Rule 1.16. The Court is simply reminding him of his professional duties.